1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ALICE M. SOTO,                    )  1:05-cv-05-01336-REC-SMS
                                      )
12                  Plaintiff,        )  **ORDER DIRECTING PLAINTIFF TO**
                                      )  **(1) SUBMIT DOCUMENTS TO THE**
13       v.                           )  **CLERK FOR FORWARDING TO THE**
                                      )  **MARSHAL FOR SERVICE ON DEFENDANT**
14  JO ANNE B. BARNHART,              )  **OR (2) SHOW CAUSE IN WRITING WHY**
    Commissioner of Social            )  **THIS ACTION SHOULD NOT BE**
15  Security,                         )  **DISMISSED**
                                      )
16                  Defendant.        )  **ORDER DIRECTING CLERK TO**
                                      )  **SEND LIST TO PLAINTIFF**
17  _____  )
                                         **INFORMATIONAL ORDER**
18

19       Plaintiff is proceeding pro se and in forma pauperis with an

20  action in which she seeks judicial review of a final decision of

21  the Commissioner of Social Security denying her application for

22  benefits.  The matter has been referred to the Magistrate Judge

23  pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(15) and

24  72-304.

25       PLAINTIFF'S FAILURE TO RETURN SERVICE DOCUMENTS

26       On October 24, 2005, plaintiff filed her complaint; the

27  Court granted her application to proceed in forma pauperis, which

28  included directions that the Clerk issue summons and the United

                                    1

1    States Marshal serve the complaint, summons, and the order

2    granting the application to proceed in forma pauperis on

3    defendant as directed by plaintiff.  The Clerk sent plaintiff

4    three (3) USM 285 forms and three (3) summonses, an instruction

5    sheet, and a notice of submission of documents.  As the

6    instruction sheet explained, the service documents were to be

7    completed and returned to the Clerk so that the Clerk could in

8    turn forward the documents on to the Marshal for service.  The

9    Court also sent plaintiff a Scheduling Order, which explained

10   that service was the first step in these proceedings.

11       To date, plaintiff has not returned the service documents so

12   that the Clerk can in turn send the order to serve and documents

13   on to the Marshal to effect service.

14       In the present case, the state of the file/case indicates

15   that plaintiff has failed to follow the instructions given by the

16   Clerk as to documentation, and has failed to return any of the

17   documentation to the Clerk.  It appears that, as a result, the

18   order to the Marshal to serve defendant, and the documents needed

19   by the Marshal to serve defendant, have not been sent to the

20   Marshal; thus, defendant has not been served.  The case cannot

21   proceed until the defendant is served.  Thus, the case cannot

22   progress until plaintiff complies with the instructions of the

23   Court and completes and returns the documents as instructed.

24       A failure to comply with an order of the Court may result in

25   sanctions, including dismissal, pursuant to the inherent power of

26   the Court or the Federal Rules of Civil Procedure.  Fed. R. Civ.

27   P. 41(b), 11; Local Rule 11-110; Chambers v. NASCO, Inc., 501

28   U.S. 31, 42-43 (1991).

2

1    INFORMATIONAL ORDER

2        Plaintiff, who is referred to as "Appellant" in the course

3   of these proceedings, is proceeding pro se in an action seeking

4   judicial review of an administrative decision of the Commissioner

5   of Social Security that denied, in whole or in part, Appellant's

6   claim for benefits under the Social Security Act.  The complaint

7   has not been served on defendant, who is referred to as

8   "Respondent" in these proceedings.  **This order provides**

9   **information for pro se litigants.**

10       I.   Service of the Complaint

11   _____      As is outlined in the Scheduling Order previously

12   issued in this case, except when other provisions are made

13   pursuant to an application to proceed in forma pauperis, within

14   twenty (20) days of filing the complaint, the Appellant shall

15   serve the summons, complaint, notice and form of consent to

16   proceed before a Magistrate Judge provided by Local Rule 73-

17   305(a), and a copy of the Scheduling Order.  After those

18   documents have been served, a proof of service must be filed with

19   the Court without delay.

20       II.  Attempt at Informal Resolution of the Case

21            Pursuant to the Scheduling Order, Respondent is

22   required to serve a copy of the administrative record on

23   Appellant, and to file the administrative record with the Court,

24   within 120 days after service of the complaint.  The

25   administrative record serves as the answer to the complaint in

26   these proceedings.

27       Once the administrative record has been filed, the parties

28   must try to resolve the case informally.  In this process, the

3

1  parties must exchange informal briefs in the form of letters
2  about the case to see if they can agree that the case should be
3  sent back, or "remanded," to the Social Security Administration
4  for further hearing by an administrative law judge.  The
5  Appellant's letter brief (1) must be served on Respondent no
6  later than thirty (30) days after Respondent serves Appellant
7  with the administrative record, (2) should be marked
8  "Confidential Letter Brief" and, (3) should <u>not</u> be filed with the
9  Court.  In the letter brief, Appellant must briefly set forth the
10 issues in the case, the reasons why the Appellant thinks that he
11 or she is entitled to Social Security benefits, and why the
12 decision to deny benefits should be remanded.

13     Respondent's confidential letter brief must be served on
14 Appellant thirty-five (35) days after Respondent is served with
15 Appellant's confidential letter brief.

16     If the parties agree on a remand, then the case will go back
17 to the Social Security Administration before any formal briefs
18 are filed with the Court, and without the Court ever considering
19 the merits of the case.  The parties' agreement to remand the
20 case must be in writing in the form of a document titled
21 "Stipulation," which must be signed and filed with the Court no
22 later than fifteen (15) days after Respondent served its
23 confidential letter brief on Appellant.

24     The informal letter briefs exchanged by the parties are
25 confidential in the sense that they are <u>not</u> filed with the Court;
26 if the parties are unable to agree to a remand, the letters are
27 not part of the case file and thus are not before the Court if
28 and when the Court finally considers the case on the merits.

1    III. <u>Briefs</u>

2         If, after exchanging letters, the parties are unable to

3    agree to a remand of the case, then the parties must submit

4    formal briefs to the Court as directed in the Scheduling Order.

5    It is only after the briefs are filed that the Court will

6    consider the merits of the case and make a decision.

7       A.   <u>Appellant's Opening Brief</u>

8         Appellant's Opening Brief must be filed and served no

9    later than thirty (30) days after the date that Respondent's

10   informal letter brief was served on Appellant.  Appellant must

11   serve a copy of the Opening Brief on the United States Attorney

12   for the Eastern District of California, Fresno, by either hand-

13   deliver or by U.S. mail to:

14            United States Attorney
              Eastern District of California
15            United States Attorney's Office
              Civil Process Clerk
16            1130 "O" Street, Room 3654
              Fresno, CA 93721
17

18   Appellant must also file the original Opening Brief, together

19   with a copy, with the Court, which means that the original and

20   the copy must either be hand-delivered or mailed to:

21            Office of the Clerk
              United States District Court
22            Eastern District of California
              1130 "O" Street, Room 5000
23            Fresno, CA 93721

24   Appellant's Opening Brief must contain the following components:

25        (1)  a plain description of Appellant's alleged physical or

26   emotional impairments, when Appellant contends they became

27   disabling, and how they disabled Appellant from work;

28   //

1      (2)  a summary of the administrative proceedings before the

2   Social Security Administration;

3      (3)  a summary of the relevant testimony at the

4   administrative hearing;

5      (4)  a summary of all relevant medical evidence, including

6   an explanation of the significance of clinical and laboratory

7   findings, and the purpose and effect of prescribed medication and

8   therapy;

9      (5)  a recitation of the Social Security Administration's

10  findings and conclusions relevant to Appellant's claims;

11     (6)  a short, separate statement of each of Appellant's

12  legal claims stated in terms of the insufficiency of the evidence

13  to support a particular finding of fact or reliance on an

14  erroneous legal standard; and,

15     (6)  argument separately addressing each claimed error.

16     All references to the record and all assertions of fact must

17  be accompanied by citations to the record.  Argument in support

18  of each claim of error must be supported by citation to legal

19  authority and explanation of the application of such authority to

20  the facts of the particular case.  Briefs that do not

21  substantially comply with these requirements will be stricken.  A

22  document that is stricken becomes a nullity and is not considered

23  by the Court for any purposes.

24     Appellant is further advised that failure to file an Opening

25  Brief by the deadline date will result in dismissal of this

26  action.

27  //

28  /

1      B.    <u>Respondent's Brief</u>

2          Pursuant to the Scheduling Order, Respondent's

3  responsive brief is due filed and served no later than thirty

4  (30) days after service of Appellant's Opening Brief.

5      C.    <u>Appellant's Reply Brief</u>

6          Appellant may file a reply brief but is not required to

7  do so.

8          However, if Appellant files a reply brief, the brief

9  must be filed and served no later than fifteen (15) days after

10 the date Respondent served its responsive brief on Appellant.

11 Appellant must serve a copy of the reply brief on Respondent by

12 serving the United States Attorney for the Eastern District of

13 California, Fresno, at the United States Attorney's address noted

14 above.  Appellant must also file the original reply brief,

15 together with a copy, with the Court at the Court's address noted

16 above.

17         Appellant's reply brief should respond to the arguments

18 made in the Respondent's responsive brief.

19     IV.   <u>Motion to Dismiss</u>

20         In some cases, instead of filing and serving an

21 administrative record, Respondent may file a motion to dismiss

22 the case pursuant to Rule 12 of the Federal Rules of Civil

23 Procedure.  If Respondent files such a motion, it must be filed

24 no later than 120 days after the date Respondent is served with

25 Appellant's complaint.

26         Appellant may oppose a motion to dismiss by filing and

27 serving opposition to the motion no later than fourteen (14) days

28 after the date the motion to dismiss was served on Appellant.

Said document should be titled "Opposition to Respondent's Motion to Dismiss."

The Court will consider a motion to dismiss only after receiving opposition from Appellant, or after the time for filing opposition has passed.  In ruling on a motion to dismiss the case, the Court may either (1) deny the motion and proceed with the case, ordering the parties to proceed to file a record, attempt informal resolution, and file briefs; or, (2) grant the motion to dismiss, and dismiss all or part of the case.

V.   The Court's Decision on the Merits

The Court will consider the merits of the case only after all briefs have been filed.  The Court may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for further hearing.

VI.   Rules for Litigating the Action

Appellant is reminded of the following:

A.   In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of the United States District Court, Eastern District of California (Local Rules).  FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS.  See Local Rule 11-110; Fed. R. Civ. P. 41(b).

B.   Documents intended to be filed with the Court must be mailed to the Clerk of the Court.  See Local Rule 5-134(a).  All documents improperly mailed to a judge's chambers will be

1 <u>stricken from the record</u>.  A document requesting a court order

2 must be styled as a motion, not a letter.  <u>See</u> Fed. R. Civ. P. 7.

3       C.   Each document submitted for filing must include

4 the original signature of the filing party or parties.  Local

5 Rule 7-131; Fed. R. Civ. P. 11(a).  <u>All documents submitted</u>

6 <u>without the required signature(s) will be stricken</u>.  Each

7 separate document must be separately stapled.  <u>See</u> Local Rule 7-

8 130.  If a document is stapled behind another document, it will

9 not be filed and will not enter the court docket.

10       D.   All documents filed with the Court must be

11 submitted with an additional legible conformed copy for the

12 Court's use.  <u>See</u> Local Rule 5-134(b).  <u>A document submitted</u>

13 <u>without an extra copy for the Court's use will be stricken</u>.  If

14 the filing party wishes the Court to return a file-stamped copy,

15 an additional copy must be included for that purpose (i.e.,

16 submit an original and two copies, one for the Court's use and

17 one to be returned) <u>and</u> a self-addressed, stamped envelope.  <u>The</u>

18 <u>Court cannot provide a copy or mailing service for a party, even</u>

19 <u>for an indigent plaintiff proceeding in forma pauperis</u>.  Copies

20 of documents from the Court's file may be obtained at the cost of

21 fifty cents ($.50) per page.

22       E.   After defendant has appeared in an action by

23 filing a pleading responsive to the complaint (i.e., an answer or

24 a motion to dismiss), all documents filed with the Court must

25 include a certificate of service stating that a copy of the

26 document was served on the opposing party.  *See* 28 U.S.C. § 1746;

27 F.R.Civ.P. 5; Local Rule 5-135.  **A document submitted without the**

28 **required proof of service will be stricken**.  Where a party is

1  represented, service on the party's attorney of record
2  constitutes effective service.

3        F.    A pro se party has an affirmative duty to keep the
4  Court and opposing parties apprised of his or her current
5  address.  If the Appellant moves and fails to file a notice of
6  change of address, service of court orders at Appellant's last
7  known prior address shall constitute effective notice.  <u>See</u> Local
8  Rule 83-182(d).  If mail directed to Appellant is returned by the
9  United States Postal Service as undeliverable, the Court will not
10 attempt to remail it.  <u>If the address is not updated within sixty</u>
11 <u>(60) days of the mail being returned, the action will be</u>
12 <u>dismissed for failure to prosecute</u>.  <u>See</u> Local Rule 83-183(b).

13       Accordingly, it is hereby ORDERED:

14       1.    That plaintiff return to the Clerk of this Court the
15 documents that she was instructed to return, namely, USM 285
16 forms, summonses, and the notice of submission of documents, by
17 December 16, 2005; OR,

18       2.    Show cause, in writing, to this Court, by December 16,
19 2005, why the action should not be dismissed for the failure to
20 cooperate with the Court and the Marshal to effect timely
21 service.  If plaintiff has any reasons why this action should not
22 be dismissed for failure to effect service, plaintiff shall
23 submit them by sworn declaration of facts which shall include:

24       (A)   an explanation of the lack of activity in this
25 case; and,

26       (B) a list of each specific step plaintiff plans to
27 take to prosecute this case, to which plaintiff may append a
28 supporting memorandum of law.

1        3.   The Clerk of Court send to plaintiff, with this order,

2   a copy of a list of attorneys.

3       Plaintiff is informed that failure to respond to this order

4   will result in a recommendation that the action be dismissed.

5   The Court has determined that, at this point in the action, no

6   personal appearance by plaintiff at a hearing is necessary.

7

8   IT IS SO ORDERED.

9   **Dated:   November 30, 2005**           **/s/ Sandra M. Snyder**

10  icido3                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28